OWEN, Judge
(dissenting).
This is a will construction case from the County Judge’s Court of Palm Beach County.
Mildred E. Dickerhoff died testate on May 22, 1970. Her death, from natural causes, followed only eight days after her husband’s death, also from natural causes. Mrs. Dickerhoff’s will, executed nine years earlier, was admitted to probate. The will contained no residuary clause and the only provision for disposition of the estate was contained in Paragraph II, which in its pertinent parts read as follows:
“I give, devise and bequeath to my husband, JOHN H. DICKERHOFF, my entire estate, real, personal or mixed, wherever situated, of which I may die seized or possessed, or to which I may be or become in any way entitled to have any interest.
“In the event of a common casualty in which my husband and I should die simultaneously, I give, devise, and bequeath my entire estate ... to WILLIAM JEFFERS and DONNA JEFFERS, brother and sister . equally, or entirely to the survivor of them.”
Appellee, Hazel I. Hahn, sister and sole heir at law of Mrs. Dickerhoff filed a petition for construction of the will. The trial court determined that the omission of a general residuary clause from the will must be presumed to have been the intention of the testatrix, that the provisions for disposition of the estate to William and Donna Jeffers “in the event of a common casualty . ” was a clear and unambiguous condition or contingency which had not occurred, and that while the will was valid and absolute, nonetheless, the estate must descend to appellee, under the laws of descent and distribution.
The majority, by affirming, has approved this construction. While I readily concede that the language of the will, if taken literally, would support, if not in fact demand, such construction, my dissent is based upon the view that the language should not have been taken literally when to do so does violence to logic and reason and produces a result which appears (at least to me) to be contrary to the clear intent of the testatrix.
It is axiomatic that the first and paramount principle in construing a will is to ascertain and carry out the intention of the testator. Morgenthaler v. First Atlantic National Bank, Fla.1955, 80 So.2d 446. Our inquiry then, should be, “What was Mrs. Dickerhoff’s intention in designating William and Donna Jeffers as beneficiaries of her entire estate?”
In effect, the probate court’s answer to this inquiry has Mrs. Dickerhoff saying, “I want my entire estate to go to my husband if he survives me, otherwise just let it go to whomever the law directs, unless just by chance, my husband and I should die simultaneously in a common casualty, *390 then in that event (and only in that event) let my entire estate go to William and Donna Jeffers.” In my opinion, it defies reason and common sense to conclude, in the absence of any clear and positive language so indicating, that Mrs. Dickerhoff could have intended such an illogical testamentary scheme. Without question, it is entirely logical that she would leave her entire estate to her husband. Furthermore, it is certainly not illogical that she would be desirous of her estate passing under the laws of descent and distribution should her husband predecease her. What is totally illogical, however,' is to conclude that Mrs. Dickerhoff, having gone to the trouble of expressly designating William and Donna Jeffers to take her entire estate, intended them to take as beneficiaries only if a thousand to one chance [1] should occur. To attribute such an intent to Mrs. Dickerhoff, i. e., that these beneficiaries, the only ones named in the will other than her husband, would take only in the event of such a remote possibility coming to pass, makes the testatrix appear almost diabolical. This analysis illustrates the pitfall inherent in seeking to determine the testator’s intention solely from the literal language employed without subjecting the result thus reached to the test of reason and common sense.
The probate court’s order concluded that the lack of a general residuary clause in the will was presumed to be the intent of the testatrix. Apparently overlooked is the fact that such omission is entirely consistent with the manifest testamentary scheme of the will, i. e., the entire estate to Mr. Dickerhoff if he survived the testatrix, but should he predecease her or die in a common casualty with her, the entire estate to William and Donna Jeffers.
The trial court relied upon the case of Meszaros v. Holsberry, Fla.1956, 85 So.2d 565, as does the appellee here. In my opinion, such reliance is misplaced. In the first place, the issue in the Meszaros case was not whether the particular words constituted a condition (which is the issue in the present case) but rather whether the condition had in fact occurred. In the second place, the will in the Meszaros case expressly stated that if the condition did not occur the joint testators were entirely satisfied for their estates to pass under the laws of descent and distribution of the State of Florida, the type of clear and positive language which the authorities generally agree is necessary to show a testator’s intention that a particular provision in the will be contingent or conditional. See Redfeam, Wills & Administration of Estates in Florida, § 136; 57 Am. Jur., Wills, § 672.
Because I feel that the court erroneously construed the testamentary disposition to William and Donna Jeffers as conditional rather than absolute, and in so doing has thwarted the intention of the testatrix, I would reverse the order.

. This is used as a figure of speech merely to illustrate the extremely remote likelihood that both testatrix and her husband would die simultaneously in a corn-mon casualty. I do not know the actuarial odds against such event occurring, but would suppose that they are actually much greater than 1,000 to 1.